

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/25/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
                                    :           PRO SE
PEDRO MOTA,                         :
                    Petitioner,     :   08 Civ. 3228(RMB)(THK)
                                    :
        -against-                   :
                                    :           **ORDER**
EKPE D. EKPE,                       :
                                    :
                    Respondent.     :
                                    :
------------------------------------X

**THEODORE H. KATZ, United States Magistrate Judge.**

This habeas corpus proceeding was referred to this Court for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Presently before the Court is Petitioner's Application for Appointment of Counsel, pursuant to 18 U.S.C. § 3006(A)(g) ("Application"). For the reasons set forth below, the motion is denied.

### Discussion

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. See Gardner v. New York, No. 04 Civ. 4675 (LTS) (DF), 2005 WL 696953, at *1 (S.D.N.Y. Mar. 24, 2005); Mackey v. DiCaprio, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004). However, under 28 U.S.C. § 1915(e)(1), a court may appoint pro bono counsel to represent plaintiffs in civil cases. In this Circuit, "[d]istrict courts exercise substantial discretion in deciding whether to appoint counsel . . . ." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203

COPIES MAILED
TO COUNSEL OF RECORD ON 4/25/08

(2d Cir. 2003).  In deciding whether to appoint counsel, "the district judge should first determine whether the indigent [plaintiff]'s position seems likely to be of substance." Id. (citing Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)); see also Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994) ("[T]he threshold requirement in considering a request for appointment of counsel [is] the likelihood of success on the merits of the claim.") (citing Hodge, 802 F.2d at 60-61).  If this threshold requirement is met, a court "should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998) (citing Hodge, 802 F.2d at 61-62).

Applying these factors to the Petition, the Court concludes that this action does not merit the appointment of counsel. Petitioner's primary contentions[1] were briefed and argued by appellate counsel in New York courts.  The Court will have those

---

[1] His contentions are: 1) that newly discovered evidence should entitle him to either a new trial, or, in the alternative, a hearing, and (2) that the evidence presented at trial was insufficient to support his conviction.

briefs and will be able to understand Petitioner's arguments as
they were presented below.  Petitioner will only be required to
reply to Defendant's Opposition brief when it is filed.  If
Petitioner needs more time to reply to Defendant's brief because
of difficulties with the English language, he should write to the
Court before his brief is due -  June 16, 2008 - and request more
time.  Petitioner is reminded that he must also send to the
attorney who files the brief on behalf of Defendant, a copy of
any letters he sends to the Court.

     Accordingly, Petitioner's Application is denied.

SO ORDERED.

_____

Theodore H. Katz
United States Magistrate Judge


Dated: April 25, 2008
     New York, New York


Copies mailed this date to:

Pedro Mota
04-A-1649
Watertown Correctional Facility
21347 Swan Road
Watertown, NY 13601